IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELGENE LUCZON DE-AMOR; DARRELL VERCHIEL LUCZON DE-AMOR; EDWIN LEO LUCZON DE-AMOR,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BUENAVENTURA CLARIN CABALAR,<br><br>          Defendant. | CIVIL NO. 15-00468 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO
DISMISS THE COMPLAINT AND DENY THE
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

On November 6, 2015, Plaintiffs Elgene Luczon De-Amor, Darrell Verchiel Luczon De-Amor, Edwin Leo Luczon De-Amor, and Macxima Luczon (collectively "Plaintiffs"), proceeding pro se, commenced the instant action.[1]  Plaintiffs also filed an Application to

---

[1] The Court notes that the Complaint, while purportedly brought by all Plaintiffs, was signed only by Elgene.  The parties are advised that a pro se plaintiff may not bring an action on behalf of another; instead, all pro se plaintiffs must sign every pleading or other document submitted to the Court.  Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the

Proceed In Forma Pauperis ("Application").[2]

## DISCUSSION

Plaintiffs request that the Court permit them to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of

---

party is unrepresented."). A non-attorney's privilege to appear in propria persona on his or her own behalf is personal, and the non-attorney is without "authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citing McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 208 F.2d 44, 45 (D.C. Cir. 1953), cert. denied, 347 U.S. 944 (1954)); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir. 1981) (a non-lawyer may not file papers with the court or otherwise represent the rights of a pro se litigant).

[2] Elgene is the only Plaintiff who submitted an application.

life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the

pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Tripati, 821 F.2d 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, even construing Plaintiffs' Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal with leave to amend is appropriate because the Complaint fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure ("FRCP") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

4

elements of the claim plainly and succinctly.  <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'"  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)).

FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

A complaint having the factual elements of a cause of action scattered throughout the complaint and

not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996).

As an initial matter, the Court notes that Plaintiffs have not identified a jurisdictional basis for this case.  Without a proper jurisdictional basis, this case must be dismissed.  In addition, the Complaint is incoherent and unintelligible with no identifiable causes of action.  Plaintiffs have not articulated the elements of any claims and they have failed to set forth legal or factual bases to support a viable claim.  The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).

Even if the Court was not recommending dismissal, it would be unable to properly assess the Application because the Application is incomplete. Elgene represents that she received $1,645.00 in

disability income in the past 12 months, but she does not explain whether this was lump sum, or is a recurring source of income.  More importantly, the Court has yet to receive an application from the remaining Plaintiffs.  Without a complete and accurate picture of Plaintiffs' collective financial situation, the Court cannot determine whether it is appropriate to waive payment of the filing fee.  For these reasons, the Application should be DENIED WITHOUT PREJUDICE.

Plaintiffs are granted leave to file an amended complaint by **December 31, 2015.**  Any amended complaint must comply with FRCP 8, must assert a jurisdictional basis, and must set forth causes of action.  Plaintiffs are advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Local Rule 10.3.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, if Plaintiffs file an amended

complaint, the Complaint no longer serves any function in the case.  Any amended complaint must be signed by all Plaintiffs pursuant to FRCP 11(a) or it may be stricken.  Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

## CONCLUSION

In accordance with the foregoing, the Court makes the following recommendations:

1) the Complaint be DISMISSED with leave to amend;

2) Plaintiffs be GRANTED until December 31, 2015, to file an amended complaint, signed by all Plaintiffs, curing the deficiencies identified above;

3) Plaintiffs be instructed to title their amended pleading "First Amended Complaint";

4) the IFP Application be DENIED;

5) Plaintiffs be directed to each file IFP Applications or pay the requisite filing fee by December 31, 2015; and

6) Plaintiffs be cautioned that failure to timely file an amended complaint that cures the deficiencies identified above, along with the requisite filing fee or another IFP Application, will result in the dismissal of

the action.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, November 16, 2015.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 15-00468 HG-KSC; DE-AMOR, ET AL. V. CABALAR; FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS